**WO** LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Steven Price,<br><br>  Plaintiff,<br><br>vs.<br><br>United States of America, et al.,<br><br>  Defendants. | No. CV 05-2048-PHX-JAT (JRI)<br><br>**ORDER** |

This is a *pro se* civil rights action brought by a state prisoner claiming that his constitutional rights have been violated because he is required to pay a fee that he cannot afford to register his intellectual property. The Court dismissed Plaintiff's action under 28 U.S.C. § 1915(g) for failure to prepay the $250.00 filing fee. See Dkt. #6. Plaintiff has now paid the $250.00 fee. Also pending are Plaintiff's motion to alter or amend judgment (Dkt. #8) and motion for reconsideration (Dkt. #10). The Court will deny the motions, screen his action, and dismiss it for failure to state a claim.

**A.  Procedural Background.**

The Court's dismissal under § 1915(g) was based on the following three prior decisions: (1) an appeal that was dismissed as frivolous, Price v. Arpaio, No. 96-16825 (9th Cir.) (Oct. 24, 1997 Mem. Op.); (2) an action dismissed under former 28 U.S.C. § 1915(d) that would qualify under today's standards as failure to state a claim, Price v. Maricopa County Inmate Grievance Process, No. CV 94-1229-PHX-EHC (BGS) (D. Ariz.) (March 13,

1 1995 Ord.); and (3) an action was summarily dismissed on the basis that Plaintiff had no
2 constitutional right to contact visitation. Price v. Arpaio, No. CV 93-2254-PHX-EHC (MM)
3 (D. Ariz.) (Dec. 15, 1993 Ord.); aff'd, No. 94-15109 (9th Cir.) (July 25, 1994 Mem. Op.).

4     The post-judgment procedural history is confusing because Plaintiff moved to alter
5 or amend judgment after he had received the Judgment dismissing his action but when he had
6 not received the Order. He requested an explanation for the dismissal and additional time
7 to pay the filing fee. See Dkt. #8. After he received the Order setting forth the three strikes,
8 Plaintiff reurged his request for more time to pay the full filing fee. See Dkt. #9. Then, in
9 a motion for reconsideration, Plaintiff decided to challenge each of the three strikes on the
10 basis that they did not qualify under § 1915(g). See Dkt. #10. Soon thereafter, Plaintiff paid
11 the $250.00 filing fee.

12     In light of his payment of the fee and his receipt of the Court's Order, Plaintiff's
13 motion to alter or amend the judgment is now moot and will be denied. The Court now turns
14 to Plaintiff's motion for reconsideration. Because Plaintiff submitted his motion for
15 reconsideration after entry of judgment, the Court must treat it either as a motion to alter or
16 amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, or as a
17 motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil
18 Procedure. See American Ironworks & Erectors, Inc. v. North Am. Constr. Corp., 248 F.3d
19 892, 898-99 (9th Cir. 2001). A Rule 59 motion must be filed within ten days of entry of
20 judgment. FED. R. CIV. P. 59(e). The Court may not extend this time period. FED. R. CIV.
21 P. 6(b). Calculation of the ten-day time period does not include weekends or legal holidays.
22 See FED. R. CIV. P. 6(a).

23     Judgment was entered on August 3, 2005, and Plaintiff's motion therefore was due
24 on August 15, 2005 because August 13 fell on a Saturday. Plaintiff's motion was signed on
25 August 10, 2005 and received by the Court on August 16, 2005. Under the "mailbox rule,"
26 documents are deemed filed when the prisoner hands them to prison authorities for mailing.
27 See Houston v. Lack, 487 U.S. 266, 270-71 (1988); Stillman v. LaMarque, 319 F.3d 1199,
28 1201 (9th Cir. 2003). The Court therefore finds that the motion was timely under Rule 59(e)

1 because it must have been handed to prison authorities for mailing on or before August 15, 2005.

**B.    Legal Standard.**

"A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc, per curiam*) (emphasis in original) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)), cert. denied, 529 U.S. 1082 (2000). This type of motion seeks "a substantive change of mind by the court."  Tripati v. Henman, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting Miller v. Transamerican Press, Inc., 709 F.2d 524, 526 (9th Cir. 1983)).  As described next, Plaintiff's motion fails to meet this standard.

**C.    Prior Strikes.**

Plaintiff challenges the Court's determination on each of the three strikes.  The Court's characterization of each of the prior decisions as a strike was correct.  Only one of Plaintiff's challenges merits further explanation:  his challenge to the characterization of a dismissal by the Ninth Circuit as a strike.

The Ninth Circuit dismissed an appeal by Plaintiff in Price v. Arpaio, No. 96-16825 (9th Cir.).  That docket entry read:

> FILED MEMORANDUM OPINION: DISMISSED (Terminated on the Merits after Submission Without Oral Hearing; **Dismissed/Frivolous**; Written, Unsigned, Unpublished.)

Id. (emphasis added).  This Court relied upon the docket entry to characterize the dismissal as frivolous and a strike.  Plaintiff claims that the underlying order itself "makes no such finding, ruling or order."  Although he is correct, his argument is not persuasive because the decision still qualifies as a strike without an express statement identifying it as such.

The unpublished opinion reveals that his appeal was dismissed for lack of jurisdiction because the district court's order granting summary judgment had not disposed of all of Plaintiff's claims.  See Price v. Arpaio, 127 F.3d 1106, 1997 WL 665718 (9th Cir. 1997)

- 3 -

(unpublished). The Ninth Circuit noted that because the parties had not challenged jurisdiction, the court raised the issue sua sponte. Id. at n.1.

A dismissal for lack of jurisdiction does not always count as a strike. In Andrews v. King, 398 F.3d 1113 (9th Cir. 2005), the Ninth Circuit found that a district court erred when it characterized a dismissal of an appeal for lack of jurisdiction as a strike. The court of appeals stated:

> [W]ithout determining that the case was frivolous, malicious, or failed to state a claim, the district court nonetheless determined that the Ninth Circuit's dismissal of an appeal for lack of jurisdiction constituted a strike under § 1915(g). We disagree with this approach.

Id. at 1120-21. The court then provided definitions of the terms "frivolous," "malicious," or failure to "state a claim upon which relief could be granted," and stated that "§ 1915(g) should be used to deny a prisoner's IFP status *only when, after careful evaluation of the order dismissing an action, and other relevant information*, the district court determines that the action was dismissed because it was frivolous, malicious, or failed to state a claim." Id. at 1121 (emphasis added).

Notably, and in contrast to the docket entry in Plaintiff's appeal, the docket entry in Andrew did *not* did not characterize the dismissal as "frivolous." Andrews' entry provided as follows:

> A review of the record demonstrates that this ct lacks jurisdiction over this appeal because the order challenged in the appeal is not final or appealable (Cite). Consequently, this appeal is dismissed for lack of jurisdiction. (Procedurally Terminated After Other Judicial Action; Jurisdictional Defects.)

Andrews v. Croker, No. 98-55330 (9th Cir.) (March 27, 1998 Order). Plaintiff's docket entry was expressly characterized as "Dismissed/Frivolous," but Andrews' was not. If the Court were to find that Plaintiff's dismissal did *not* count as frivolous, the Court would be required to ignore the docket entry of the Ninth Circuit.

Also, Plaintiff's appeal was in a different procedural posture than in Andrews. Andrews had appealed the Court's order dismissing his action with leave to amend. See Andrews v. Croker, No. 2:97-05333-R-AN (C.D. Calif.) (Dkt. #12, #21). Thus, there was no action pending that could be appealed. In contrast, Plaintiff appealed an order granting

- 4 -

1  summary judgment on some claims, and the Ninth Circuit sua sponte raised jurisdiction in
2  light of the parties' failure to do so.  These differences were reflected in the docket entries:
3  Plaintiff's appeal was "Terminated on the Merits" because the underlying order was not final,
4  whereas Andrew's appeal was "Procedurally Terminated."  In light of this difference in the
5  appeals, the Court finds that its characterization of the dismissal for lack of jurisdiction was
6  properly characterized as a strike.  Accordingly, Plaintiff's Rule 59(e) motion will be denied.

7  **D.     Statutory Screening of Prisoner Complaints.**

8  Although Plaintiff has paid the civil action filing fee, his action is still subject to
9  screening.  The Court is required to screen complaints brought by prisoners seeking relief
10 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
11 § 1915A(a).  The Court must dismiss a complaint or portion thereof if Plaintiff has raised
12 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
13 may be granted, or that seek monetary relief from a defendant who is immune from such
14 relief.  28 U.S.C. § 1915A(b)(1),(2).  If the Court determines that a pleading could be cured
15 by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the
16 complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th
17 Cir. 2000) (*en banc*).  The Court is required to grant leave to amend "if a complaint can
18 possibly be saved," but not if the Complaint "lacks merit entirely."  Id. at 1129.  A court
19 therefore should grant leave to amend if the pleading could be cured by the allegation of
20 other facts, or if it appears at all possible that the defect can be corrected.  Id. at 1130.
21 Plaintiff's Complaint will be dismissed *without* leave to amend because the defects cannot
22 be corrected.

23 **E.     Complaint.**

24 Plaintiff sues the United States of America, the Secretary of Commerce, the
25 Commissioner of Patents and Trademarks, and the Librarian of Congress.  He contends that
26 as an indigent inventor, he is entitled to register his intellectual property without having to
27 pay an "exaction."  He claims that his inability to obtain copyrights, patents and trademarks
28 due to poverty has chilled his First Amendment right to freedom of expression and violated

his rights to due process and equal protection.  For relief, he requests an order prohibiting an "exaction" for obtaining a copyright, trademark, or patent.

### F.     **Failure to State a Claim.**

The Constitution provides that "Congress shall have Power . . . To Promote the Progress of Science and useful Arts by securing for limited Times to Authors and Inventors the exclusive Right to their respective writings and Discoveries."  U.S. CONST., Art. I, § 8, cl. 8.  The text of the Constitution provides no substantive protection to authors and inventors, but instead empowers Congress to provide protection.  Silvers v. Sony Pictures Entertainment, Inc., 402 F.3d 881, 884, 888 (9th Cir.), cert. denied, 126 S. Ct. 367 (2005).  Intellectual property rights are therefore "a creature of statute."  Id. at 884, 888.  Plaintiff consequently does not possess a constitutional right to copyright and patent his works.

The United States Government is statutorily authorized to collect fees for the filing of an application for a patent, trademark, copyright, of other intellectual property.  See 31 C.F.R. § 538.514.  More importantly, a waiver of fees for governmental services based on indigency is constitutionally mandated only when a fundamental interest is involved.  See, e.g., Boddie v. Connecticut, 401 U.S. 371 (1971) (*per curiam*) (violation of due process to require indigent person to pay a fee to file an action to obtain a divorce); cf. Ely v. United States Postal Serv., 753 F.2d 163 (D.C.) (*per curiam*) (indigent status *alone* does not justify waiving fee for request under the Freedom of Information Act), cert. denied, 471 U.S. 1106 (1985).  Plaintiff has no fundamental right at issue that would require waiver of the application fees for intellectual property protection.

Plaintiff's due process and equal protection challenges to the fee requirement for intellectual property protection were squarely decided by the District of Columbia in Boyden v. Commissioner of Patents, 441 F.2d 1041 (D.C. 1971).  The District of Columbia found that plaintiff failed to state a claim by challenging the refusal of the Commissioner to review an application that was unaccompanied by the filing fee.  The court stated:

> [W]e do say that Congress has granted a privilege, open to all, and has created no requirements which can be said to be unnecessary to what Congress in the exercise of its plenary power deems essential to the effective working of the

> patent system. Obviously, there are differences in the economic circumstances of our citizenry which exists quite apart from any exercise of the privilege which Congress has conferred. Congress simply has here done nothing to alleviate the consequences of those differences.
>
> This applicant in effect has asked this court to order discrimination in his favor. He asks to be permitted without charge to do what all others must pay for. Thus, where the *law* has not discriminated against him, he would have us say that the Commissioner is bound to discriminate to his advantage.

Id. at 1044 (footnote omitted). The Court is persuaded by this decision and therefore finds that Plaintiff fails to state a claim for a violation of his due process and equal protection rights.

Plaintiff's claim that his First Amendment right of free expression has been "chilled" because he is vulnerable to infringement also fails. Assuming that Plaintiff possesses a First Amendment right in the creation of such property, a person of ordinary firmness would not be chilled from such expression by the requirement of a fee. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (a proper First Amendment inquiry asks whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities). The requirement of a fee to register intellectual property does not prevent Plaintiff from creating his own intellectual property, nor does the lack of registration prevent Plaintiff from challenging potential infringement of his property rights. Further, it is pure speculation that infringement of Plaintiff's intellectual property interests will occur. Accordingly, Plaintiff fails to state a claim.

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiff's Motion to Alter or Amend Judgment (Dkt. #8) is **denied** as moot.

(2) Plaintiff's Motion for Reconsideration (Dkt. #10), construed as a motion under Rule 59(e), is **denied**.

(3) The Complaint and this action are **dismissed** for failure to state a claim pursuant to 28 U.S.C. §1915A, and the Clerk of Court shall enter judgment accordingly.

1  (4) The Clerk of Court shall make an entry on the docket in this matter indicating that
2  the dismissal for failure to state a claim falls within the purview of 28 U.S.C. § 1915(g).
3  DATED this 29th day of November, 2005.

_____
James A. Teilborg
United States District Judge